UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARK LATIMER,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 11-82 (RHK/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner is presently attempting to challenge his 1978 conviction by a U.S. Army tribunal. He was convicted on charges of rape, sodomy, and attempted rape, and he was given a fifteen-year sentence. (Petition, [Docket No. 1], p. (2), §§ 1-4.) Petitioner did not appeal his conviction. (Id., § 8.)

Petitioner's current habeas corpus petition lists four claims for relief:

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(1) Sometime after Petitioner's 1978 Army conviction, someone at the federal Bureau of Prisons allegedly told him that his Army conviction would run concurrently with a subsequent state prison sentence, and a subsequent state civil commitment order. (That apparently did not happen.)

(2) Even though Petitioner was told, as part of an alleged plea bargain, that no new charges would be brought against him, he was nevertheless charged with various state criminal offenses, and he was civilly committed.

(3) A month after his 1978 Army offense, he was stopped, searched, fingerprinted and put under house arrest, because someone else walked past the crime scene wearing a shirt that was the same color as a shirt that he owned.

(4) Petitioner's conviction involved the use of a "tainted photo line up."

(Petition, pp. (5)-(6), § 12.)

As discussed below, the Court finds that Petitioner's current habeas corpus claims cannot be adjudicated on the merits here, because he has not shown that he is currently "in custody" for the conviction and sentence at issue.[2]

## II. DISCUSSION

Federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is a jurisdictional requirement.

---

[2] Even if Petitioner were "in custody" for the conviction and sentence at issue, it is doubtful that he could be granted any relief based on the claims listed in his petition. For the most part, Petitioner's current claims are incomprehensible, and to the extent they can be comprehended, they do not present any sustainable grounds for granting a writ of habeas corpus.

Id. at 490. If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging, as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. See Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).[3]

When Petitioner filed his current petition, he was incarcerated in a Minnesota state prison facility. It must therefore be assumed that he was in the custody of the Minnesota Department of Corrections, not the United States Army, when this action was commenced. Furthermore, it appears on the face of the current petition that Petitioner received a fifteen-year sentence for the Army conviction at issue in this case. That fifteen-year sentence was imposed in 1978, so it must have been fully-served and expired many years ago. Thus, in the absence of any evidence or averments to the contrary, the Court must conclude that when Petitioner commenced this action, he was no longer "in custody" for the 1978 Army conviction and sentence that he is attempting to challenge here. See Maleng, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed") (emphasis in the original).

---

[3] Petitioner's current habeas corpus petition was filed on a form to be used by state prisoners who are challenging a state court judgment pursuant to 28 U.S.C. § 2254. However, Petitioner is not presently challenging a state court judgment; but rather, he is challenging a judgment entered by a federal military tribunal. Therefore, it might be most appropriate to view the current petition as being brought under 28 U.S.C. § 2241, rather than § 2254. For present purposes, however, it makes no difference whether this action is brought under § 2241 or § 2254, because the "in custody" requirement is prescribed by both statutes. See Maleng, 490 U.S. at 490.

The Court recognizes that Petitioner's 1978 Army conviction could still have some "collateral consequences," even though the sentence for that conviction has been fully served. Some of the allegations in the current petition seem to suggest that Petitioner's 1978 Army conviction may have affected some of his subsequent legal matters in the Minnesota state courts – i.e., a subsequent state criminal case, and a subsequent civil commitment proceeding. However, it is well-settled that collateral consequences alone do <u>not</u> satisfy the statutory "in custody" requirement. As the Supreme Court clearly stated in <u>Maleng</u>: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492. Therefore, even though Petitioner might still be experiencing adverse consequences from his 1978 Army conviction and sentence, those consequences to not cause him to be "in custody" for federal habeas purposes.

In sum, Petitioner cannot challenge his 1978 Army conviction and sentence in the present federal habeas corpus proceeding, because he was not still "in custody" for his 1978 Army conviction and sentence when he filed this action. Because the mandatory "in custody" requirement is not satisfied, Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction. <u>Love v. Tippy</u>, 128 F.3d 1258, 1258 (8th Cir. 1997) (<u>per</u> <u>curiam</u>); <u>Charlton</u>, 53 F.3d at 929.

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus

4

relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily dismissed for lack of jurisdiction.

Dated: January 24, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 8, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.